**GEVYN CONSTRUCTION CORP.,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. 70 Civ. 1655.**

United States District Court,
S. D. New York.

Dec. 13, 1972.

---

Leslie A. Hynes, New York City, for plaintiff.

Whitney North Seymour, U. S. Atty., for defendant; T. Gorman Reilly, New York City, of counsel.

## MEMORANDUM AND ORDER

ROBERT L. CARTER, District Judge.

In June of 1968 the parties entered into a contract which required plaintiff to construct and lease to defendant a Post Office building. Plaintiff's bid for this contract was based in part upon review of a drawing titled "Tentative Plans/United States Post Office" (Drawing RE–3731) which was prepared by defendant and was subsequently made a part of the agreement between the parties. Drawing RE–3731 indicated by line the location of "a proposed new drain to storm sewer in Ford Rd." (the Ford Road sewer). Plaintiff was required by the terms of the offer to verify the data contained in Drawing RE–3731.

In an attempt to verify that connection with the Ford Road Storm sewer was possible and permissible, plaintiff inspected the site and obtained, from a Post Office representative, a copy of a letter from the State of Michigan, dated September 13, 1967, which stated that:

" . . . the Michigan Department of State Highways will allow an 8 inch storm sewer tap into the existing Department of State Highways 24 inch storm sewer on the north side of Ford Road."

There was a conversation between Post Office and Gevyn representatives regarding this letter, but the content of that discussion is in dispute.

The state subsequently refused to permit connection with the Ford Road sewer and Gevyn was forced to connect its drain with a more distant outlet, thus incurring an additional expense which is alleged to be approximately $6,000.00. There is no evidence that either party had reason to doubt the reliability of the earlier state assurance. In this action to recover the amount of the additional expense both parties have moved for summary judgment.

Courts have consistently held that Federal contract language to the effect that the bidder must verify data contained in plans and specifications will not relieve the government of responsibility for losses incurred as a result of reliance upon its misrepresentations. Hollerbach v. United States, 233 U.S. 165, 34 S.Ct. 553, 58 L.Ed. 898; United States v. Atlantic Dredging Co., 253 U.S. 1, 40 S.Ct. 423, 64 L.Ed. 735. In the usual case the misrepresentation relied upon by the plaintiff has been the result of negligence or other culpability on the part of the government. However, in the *Atlantic Dredging* case (*supra*) the Supreme Court noted that although it found that the government had "deceptively" failed to disclose certain information, its affirmance of judgment for the plaintiff contractor carried—

" . . . no intimation of bad faith against the officers of the government and the Court of Claims regarded the misrepresentation of the character of the material as in the nature of a warranty; besides, its judgment is in no way punitive. It is simply compensatory of the cost of the work, of which the government got the benefit."

See also Arcole Midwest Corp. v. United States, 113 F.Supp. 278, 125 Ct.Cl. 818, (1953).

In a New York case, Atlanta Construction Co. v. State, 103 Misc. 233, 175

N.Y.S. 453 (Ct. of Cl., 1918), liability was found despite the admitted lack of government culpability. Plaintiff had contracted to construct a highway. State plans or maps contained the following information:

"The stone for item 40 shall be local material; the source of supply being one-half mile north of station 88 plus 00 and 133 plus 00, on road to be improved." (at p. 453)

Plaintiff verified this information with the possessor of the supply source, but it later turned out that the possessor had only a life interest and could not sell. Plaintiff was awarded the extra cost:

"It was . . . a mutual mistake of the state and of the contractor, but one into which the contractor was led by the certain order, direction, and statement of the state." (at p. 454)

 The government's reliance upon the distinction, restated in Poorvu v. United States, 420 F.2d 993, 190 Ct.Cl. 640, (1970), between "design" and "performance" specifications is misplaced. It is true that in those cases in which the government issues only "performance" specifications (leaving design of the method of performance to the contractor), the contractor is responsible if his chosen method of performance proves unsuitable. The theory upon which plaintiff sues is, however, entirely different. Plaintiff alleges that since the parties based their agreement upon a false assumption, and since the government made positive representations upon which that assumption was based, the agreement should be, in effect, reformed to compensate him for expenditures which were not "part of the bargain." This theory approximates that stated in § 502 of the Restatement of Contracts:

" . . . where parties on entering into a transaction that affects their contractual relations are both under a mistake regarding a fact assumed by them as the basis on which they entered into the transaction, it is void-

able by either party if enforcement of it would be materially more onerous to him than it would have been had the fact been as the parties believed it to be, except

\* \* \* \* \* \*

*"where it is possible by compensation to the party injured by the mistake to put him in as good a position as if the transaction had been what he supposed it to be, and such compensation is given."* (emphasis added.)

I find that the availability of the Ford Road sewer as an outlet for the proposed sanitary drain was a substantial condition, the existence of which was assumed by both parties. Moreover, plaintiff's reliance upon the availability of the Ford Road outlet was invited, and subsequently reinforced, by the government. Plaintiff was not, therefore, required to assume the risk of its unavailability as an element of its agreement with the government.

Accordingly, summary judgment will be entered for the plaintiff. The parties are directed to file, on or before the 15th day following the date of this order, any additional affidavits or documents relating to the issue of damages.

So Ordered.